**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1867**

———————

TONY EDWARD SAVAGE,

        Plaintiff – Appellant,

    v.

LARRY WAYNE STURDIVANT, JR., Deputy Sheriff, County of
Stafford Sheriff's Office, sued in his official and
individual capacity,

        Defendant – Appellee,

    and

COUNTY OF STAFFORD, VIRGINIA, sued in its official
capacity, A Municipal Corporation; COUNTY OF STAFFORD
SHERIFF'S OFFICE, sued in its official capacity; CHARLES E.
JETT, County of Stafford Sheriff, sued in his official and
individual capacity; C.P. CAMERON, Detective, County of
Stafford Sheriff's Office, sued in his official and
individual capacity; RAY HUSTON DAVIS, II, Supervisory
Deputy Sheriff, County of Stafford Sheriff's Office, sued
in his official and individual capacity; MICHAEL JENKINS,
Supervisory Deputy Sheriff, in his official and individual
capacity; DANIEL M. CHICHESTER, Office of the
Commonwealth's Attorney, in their official capacity; E.
OLSEN, Assistant Commonwealth's Attorney, in his official
and individual capacity,

        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Liam O'Grady, District
Judge. (1:09-cv-01328-LO-JFA)

———————

Submitted:  May 17, 2012                    Decided:  July 17, 2012

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carl  L.  Crews,  C.  LOWELL  CREWS,  ATTORNEY  AT  LAW,  PLLC,
Arlington, Virginia, for Appellant. Jeff W. Rosen, Lisa Ehrich,
PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Edward Savage filed a 42 U.S.C. § 1983 (2006) suit against Larry Wayne Sturdivant, Jr., and other defendants, alleging, among other claims, violations of his Fourth Amendment rights in connection with a warrantless arrest in his home. Savage's suit was tried before a jury, and the jury rendered a verdict in favor of Sturdivant. We affirm.

On appeal, Savage first argues that the district court erred in denying his Fed. R. Civ. P. 50 motion for judgment as a matter of law on his claim that Sturdivant's warrantless arrest violated his Fourth Amendment rights. We review de novo a district court's denial of a Rule 50 motion for judgment as a matter of law. Sloas v. CSX Transp. Inc., 616 F.3d 380, 392 (4th Cir. 2010). We must "view the evidence in the light most favorable to the prevailing party" and are obliged to affirm unless "the jury lacked a legally sufficient evidentiary basis to find in that party's favor." Id. (internal quotation marks omitted).

The Fourth Amendment generally prohibits a warrantless arrest within a suspect's home absent valid consent to entry or exigent circumstances. See Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); Payton v. New York, 445 U.S. 573, 576 (1980). The voluntariness of consent is measured under the totality of the circumstances, considering the accused's characteristics and the

3

conditions of the encounter, including the officer's conduct. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996). "A voluntary response to an officer's knock at the front door of a dwelling does not generally implicate the Fourth Amendment . . . ." United States v. Cephas, 254 F.3d 488, 493 (4th Cir. 2001). However, the Fourth Amendment is implicated "when officers gain visual or physical access to a room after an occupant opens the door not voluntarily, but in response to a demand under color of authority." United States v. Mowatt, 513 F.3d 395, 400 (4th Cir. 2008) (internal quotation marks and alteration omitted), abrogated on other grounds by Kentucky v. King, 131 S. Ct. 1849 (2011); see Johnson v. United States, 333 U.S. 10, 12-13 (1948).

As the district court noted, this case is readily distinguishable from Mowatt. Viewing the totality of the circumstances in the light most favorable to Sturdivant, we conclude there was sufficient evidence to support the jury's finding that Savage voluntarily consented to Sturdivant's entry into his bedroom. See Lattimore, 87 F.3d at 650. Thus, we conclude that the district court did not err in denying Savage's Rule 50 motion on this ground.

Savage next argues that the district court improperly instructed the jury by denying his proposed instructions and in providing misleading instructions on the issue of warrantless

4

arrest. We review a district court's decision to give or not to give a jury instruction for abuse of discretion. A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 370 (4th Cir. 2006). "The test of the adequacy of jury instructions is whether the jury charge, construed as a whole, adequately states the controlling principle without misleading or confusing the jury." Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999).

We conclude that Savage's proposed instructions would tend to confuse or mislead the jury and that the district court did not abuse its discretion in refusing to give these proposed instructions. Further, we conclude that the court's instructions adequately described the law of consent and, because it properly informed the jury that the officer's conduct was a relevant consideration in assessing consent, no further instruction under Mowatt was needed. Lattimore, 87 F.3d at 650. We also conclude that the jury instructions given on the issue of warrantless arrest would not tend to confuse or mislead the jury. The jury was permitted to find that Sturdivant could lawfully arrest Savage in his bedroom following Savage's voluntary consent to entry if Sturdivant had probable cause to believe Savage had recently committed a felony. See Rodriguez, 497 U.S. at 181 (noting that consent is valid exception to general rule that warrantless entry into home for arrest or

search is unreasonable); United States v. Stokes, 631 F.3d 802, 807 (6th Cir.) (noting consent is valid exception to general prohibition against warrantless in-home arrest), cert. denied, 131 S. Ct. 2946 (2011). We conclude that the jury instructions adequately conveyed this controlling principle and that the district court did not abuse its discretion in instructing the jury accordingly. See Chaudhry, 174 F.3d at 409.

Finally, Savage argues that the district court issued contradictory rulings by denying his motion for partial summary judgment as to the warrantless arrest claim because the parties had not addressed exigent circumstances, while later concluding that the parties failed to provide testimony regarding this issue at trial. We conclude Savage's claim lacks merit. Thus, we need not resolve Savage's contention that no exigent circumstances existed to justify the entry.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED